**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Juan Carlos Lopez Lopez,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-05149-PHX-SHD

**ORDER**

On July 29, 2026, the Court granted Petitioner's habeas corpus petition under 28 U.S.C. § 2241 and ordered that, within seven days, a bond redetermination be held. (Doc. 9.) Following a bond hearing, Petitioner filed a Motion to Enforce Judgment, arguing that Respondents did not comply with the Court's Order in that the Immigration Judge ("IJ") failed to apply the correct legal standard. (Doc. 12.) The motion is fully briefed. (Docs. 14, 15.) The Court will grant the Motion to Enforce Judgment and direct Petitioner's immediate release from custody.

## I. Legal Standard

"When a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance." *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020); *see, e.g., Loba L.M. v. Andrews*, No. 1:25-cv-00611-JLT-SAB, 2026 WL 710307, at *5 (E.D. Cal. Mar. 13, 2026) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011)). This includes the authority to review the IJ's decision for an abuse of discretion and to evaluate whether the standard imposed by the Court's prior order was properly applied at

the bond hearing. *Martinez v. Clark*, 124 F.4th 775, 784–85 (9th Cir. 2024) (holding that district courts have habeas jurisdiction to review whether an IJ "erred by applying the wrong burden of proof"); *see, e.g., Kumar v. Noem*, No. 1:26-cv-01148-DJC-AC, 2026 WL 983129, at *2 (E.D. Cal. Apr. 13, 2026) ("[T]he Court's analysis [on a motion to enforce judgment] is grounded in the legal standard for reviewing IJ detention determinations."). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but instead determining whether the IJ "applied the correct legal standard." *Martinez*, 124 F.4th at 785 (citation omitted).

Although 8 U.S.C. § 1226(e) limits judicial review of the Attorney General's discretionary judgment regarding the detention and release of an alien, it does not "preclude habeas jurisdiction over constitutional claims or questions of law," and "[c]laims that the discretionary [bond] process itself was constitutionally flawed are cognizable in federal court on habeas because they fit comfortably within the scope of § 2241." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (quoting *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011)). The Court therefore "has jurisdiction to review an IJ's discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional." *Kharis v. Sessions*, No. 18-cv-04800-JST, 2018 WL 5809432, at *4 (N.D. Cal. Nov. 6, 2018) (collecting cases); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) (explaining that although the IJ's discretionary bond determination was not reviewable in federal court, *see* 8 U.S.C. § 1226(e), the court has "jurisdiction under 28 U.S.C. § 2241 to consider any error of law in [the petitioner's] agency proceedings, including any claimed due process violation"); *Benipal v. Rokosky*, No. CV-26-01306-PHX-RM (CDB), 2026 WL 1355010, at *6 (D. Ariz. Apr. 23, 2026) (explaining that claims challenging the procedural adequacy of a bond hearing are reviewable), *report and recommendation adopted*, 2026 WL 1352061 (D. Ariz. May 14, 2026).

Nor does 8 U.S.C. § 1226(e) bar courts from concluding that "[t]he evidence before the IJ failed, as a matter of law, to prove flight risk or danger." *Judulang v.*

*Chertoff*, 562 F. Supp. 2d 1119, 1127 (S.D. Cal. 2008); *see also Sales v. Johnson*, 323 F. Supp. 3d 1131, 1141 (N.D. Cal. 2017). In reviewing the sufficiency of the evidence within the confines of § 1226(e), therefore, the question is not "whether this Court believes that the proof establishes, by clear and convincing evidence, that [the petitioner] is a danger to the community" or a flight risk. *Nguti v. Sessions*, No. CV-16-06703, 2017 WL 5891328, at *3 (W.D.N.Y. Nov. 29, 2017). Rather, the Court must decide whether the IJ "relied upon proof that—as a matter of law—could not establish" that conclusion. *Id.*; *see also Judulang*, 562 F. Supp. 2d at 1127.

**II. Discussion**

Petitioner's motion explains that at Petitioner's August 5, 2026, bond hearing, counsel for the Department of Homeland Security did not request that bond be denied but only that it be set at a "higher bond amount." (Doc. 12 at 1.) The IJ found that Petitioner's decades-old voluntary returns, driving without a license, and unauthorized employment showed a "pattern of not being able to follow the law" such that no bond amount would ameliorate the risk of flight. (Doc. 12, Ex. D.) Petitioner argues that the bond hearing failed to comply with the Court's July 29, 2026 Order and judgment because it failed to provide an individualized determination of the evidence and did not apply the correct standard. The Court agrees.

In response, Respondents insist Petitioner is asking the Court to reweigh the evidence evaluated by the IJ. (Doc. 14.) Not so. Rather, the IJ relied on evidence that—as a matter of law—cannot alone support a finding that Petitioner is a flight risk. *See Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1080–81 (W.D. Wash. 2026) ("Using the IJ's reasoning, any noncitizen applying for Cancellation of Removal who is unauthorized to work and who truthfully provides information about their employment history and tax return filings automatically is at risk of being found a flight risk. Again, this is an illogical conclusion[.]").

This conclusion is not the product of reweighing evidence because no permissible or probative evidence was introduced as to Petitioner's risk of flight. Nor do Respondents

counter the obvious evidence to support that Petitioner does not pose a flight risk—decades-long presence in the United States and five United States citizen children. In assessing flight risk and danger, an IJ may consider, among other things, the noncitizen's fixed address in the United States, length of residence, family ties, employment history, record of court appearances, criminal record, history of immigration violations, any attempts to flee authorities, and manner of entry. *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006).

Here, the IJ's reliance on mechanistic factors is insufficient to meet the Government's burden to establish by clear and convincing evidence that Petitioner is a flight risk. *See Perez Velasquez v. Bondi*, 2026 WL 1042479, at *6 (S.D. Cal. Apr. 16, 2026) ("The IJ's failure to consider or apply any of the *Guerra* factors and decision to instead rely on three pieces of evidence that 'bear little if any relevance' to Petitioner's risk of flight . . . while seemingly ignoring all evidence in Petitioner's favor constitutes a misapplication of the legal standard to the facts.").

Under the circumstances, the Court finds no basis for Petitioner's continued detention and concludes immediate release with reasonable conditions of supervision is the appropriate remedy. *See W.T.M. v. Bondi*, 2026 WL 262583, at *5 (W.D. Wash. Jan. 30, 2026); *Garcia v. Hyde*, 817 F. Supp. 3d 112, 130-31 (D.R.I. 2025) (ordering habeas petitioner's immediate release from custody "[g]iven the due process violations that pervaded his bond hearing[.]"); *Miri v. Bondi*, No. 5:26-cv-00698-MEMF-MAR, 2026 WL 622302, at *12 (C.D. Cal. Mar. 5, 2026) (ordering habeas petitioner's immediate release after finding the immigration judge abused their discretion in denying petitioner's request for bond at the bond determination hearing).

///

///

///

///

///

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Enforce Judgment (Doc. 12) is **granted**. Respondents must immediately release Petitioner from custody under reasonable conditions of supervision and file a Notice of Compliance within two days.

Dated this 16th day of September, 2026.

Honorable Sharad H. Desai
United States District Judge